NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALTER SUK, PETITIONER, v. SHERWIN WILLIAMS COM-
PANY, RESPONDENT.

For the petitioner, *George W. Allgair*.

For the respondent, *M. L. Somerville*.

The petitioner in this cause states that he is a machinist and metal worker employed by the respondent. Respondent admits this allegation, and also that his rate of wages is $42 per week.

Petitioner further contends that on December 15th, 1926, while working for respondent, he was injured by a piece of metal which struck him in the left eye with great force while making a weld. Petitioner further testifies that he gave notice of his injury to the respondent, and was treated by respondent's chemist for the injury.

Petitioner further testifies that he was burned by sulphuric acid in the left eye, which had been previously injured, and that following the sulphuric acid burn he was sent to respondent's physician, Dr. Mack, of Bound Brook, New Jersey, for treatment.

Respondent denies knowledge of the accident which occurred on December 15th, 1926, but offers no proof whatsoever as to whether or not the same actually occurred. Respondent's physicians deny that the sulphuric acid burn caused the total blindness of the left eye which exists at the present time. Respondent's doctors further failed to express

any opinion as to whether or not the blindness of the left eye was caused by a blow to the eye.

Dr. Levy, also of Bound Brook, New Jersey, who treated the petitioner when further medical attention was refused him by the respondent, states that it is his opinion and the opinion of a specialist of Philadelphia, who assisted in treating the petitioner, that the total blindness of the left eye was due to the injury which the petitioner sustained on December 15th, 1926.

It therefore appearing that the petitioner has sustained by a preponderance of the evidence the allegations alleged in his petition, it is therefore adjudged and decreed that the respondent pay to petitioner the sum of $17 per week for one hundred weeks, commencing with December 15th, 1926; to Dr. Levy the sum of $50 for medical services, and the sum of $25 for his services as a witness at the hearing of this cause; to the stenographer in attendance for his services the sum of $10 and to George W. Allgair, the attorney for the petitioner, the sum of $150.

CHARLES E. CORBIN,<br>
<em>Deputy Commissioner.</em>